Washburn, P. J.
The court has reached the conclusion that the motion in this case should be granted, but the members of- the court are not in entire accord as to the reasons for such action. This opinion sets forth the reasons' of one member, and is in no manner binding on the other members of the court, ■except as to the result reached.
This controversy is before the court on a motion in which the defendants in error, ‘ ‘ appearing solely for the purpose of this motion and for no other purpose,” ask the court to dismiss “the alleged petition in error” because the court is without “jurisdiction of this controversy or of the persons” of defendants in error.
The judgment below was entered on May 28,1921. The parties here stand in the same order in which they stood in the court below.
*56 A petition in error, with precipe for summons, was filed in this court on June 29,1921, but no summons was ever issued or served. It is, however, claimed that the defendants are estopped to deny the jurisdiction of this court, because on October 21, 1921, they filed a brief in this court on the merits of the controversy in answer to the brief of plaintiff filed September 12, 1921.
The case was assigned in this court for trial on October 17, 1921, and after such assignment and before the day set for trial, the defendants on October 14, 1921, filed their said motion to dismiss.
There is no claim that the defendants promised to waive service of summons or were in any manner responsible for plaintiff’s failure to have summons issued and served within the period for the commencement of an '¡action in this court. At the time defendants filed their brief the seventy-day limitation provided by Section 12270, General Code, for the commencement of an action in this court had long since elapsed. 'Section 12270, General Code, provides that:
“No proceedings to reverse, vacate or modify a judgment or final order shall be commenced unless within seventy days after the entry of the judgment or final order complained of.”
An action is deemed commenced at the date of the summons which is served on the defendant. Section 11230, General Code.
“A proceeding in error is not to be deemed commenced, within the meaning of Section 523 of the code [now Section 12270, General Code], upon the mere filing of a petition in error in the proper court.” Robinson v. Orr, 16 Ohio St., 284.
*57 “A proceeding in error, to reverse, vacate or modify a judgment or final order, is not commenced, within the meaning of Section 523 of the Civil . Code [now Section 12270, General Code], unless the petition in error is filed, and the appearance of defendants in error effected by service of summons or otherwise.
“Where it appears, from the record, that the petition in error has been filed, but service of summons has not been had, or the appearance of defendant otherwise effected within the time prescribed by statute, a motion to strike the case from the docket is a proper mode of proceeding, and will be sustained.” Bowen v. Bowen, 36 Ohio St., 312.
In the above ease, the petition in error was filed within the time prescribed by law, as in the case at bar, but in neither case was there any summons issued or served within the period of limitation.
The ease at bar differs from the above case of Bowen v. Bowen only in one particular, and that is that in the case at bar, while the defendants did nothing whatever during the limitation period to enter their appearance, they did file a brief after the limitation period and when it was too late for the plaintiff to “commence” an action against them.
If the principles announced in the foregoing case, and others here cited, are to govern, then at the time defendants filed their brief they could not by volun - ta-ry appearance confer jurisdiction upon the court to hear and determine a proceeding in error which had not been “commenced,” and which, because of the limitation statute, could not then be “commenced.” Schooner Marinda v. Dowlin, 4 Ohio St., 500; Little Miami Rd. Co. v. Hopkins, 19 Ohio St., 279; Cleveland & Mahoning Valley Ry. Co. v. Wick, *58 35 Ohio St., 247; Piatt v. Sinton, 35 Ohio St., 282.
But this principle, which seems to he so firmly established in the jurisprudence of our state, cannot l)e invoked under certain circumstances.
It seems even where there has been no service or appearance within the limitation period that if the defendant appears after the time and has the case set for oral argument, and afterwards partially argues the case on its merits, he will be estopped from objecting to the jurisdiction of the court because, as is said, to permit him to do so would enable him to trifle with the court. C., C. & C. Rd. Co. v. Mara, 26 Ohio St., 185.
Or, if he promises the other party to waive issue and service of summons, and both proceed in the preparation of the case for final hearing upon the theory that such appearance has been made, and in the belief that the proceeding has been duly commenced and is actually pending, he is “estopped, after appearing and submitting the case, either upon oral arguments or printed brief, to question the jurisdiction of the court, either of the parties or' subject matter, upon the ground that no summons in error was issued or served.” King v. Penn, 43 Ohio St., 57.
The question is: Do the facts in the case at bar bring it within the principle of these cases so as to estop the defendants?
They did nothing during the limitation period, and simply filed a brief after that time. They did riot argue or submit the case on its merits. When served with a copy of a brief by plaintiff, not knowing that the case was not “commenced,” they filed an answer brief to comply with the rules of the' court, and, then, before the date set for trial arid be *59 fore plaintiff had done anything further, they discovered the lack of jurisdiction and promptly filed their motion to dismiss.
I do not see wherein the defendants in any way trifled with the court or misled plaintiff, or even influenced in any particular his conduct, and, therefore, if the authorities heretofore cited are to govern, defendants are not estopped from objecting to the jurisdiction of the court.
But it is said the fact that the jurisdiction of the c-ourt of appeals is now? conferred by the constitution, instead of by statute, as it was prior to 1912, renders obsolete the authorities hereinbefore cited, because the constitution now grants jurisdiction of the subject-matter and nothing is lacking except jurisdiction of the parties, which may be acquired as well by waiver afterwards as by service before the lapse of the period of limitation. The constitution (Section '6, Article IV), provides that the courts of appeals shall have jurisdiction “to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law1. ’ ’
Construing this constitutional provision, it is settled that the jurisdiction of the court of appeals is conferred by the constitution and that “The general assembly has no power to enlarge or limit the jurisdiction conferred by the constitution of the state, but may provide by law for the method of exercising that jurisdiction.” Cincinnati Polyclinic v. Balch, 92 Ohio St., 415.
The argument is that since the jurisdiction of the ■court is conferred by the constitution, Section 12270, General Code, becomes a mere limitation on the rem *60 edy, and is the same as the ordinary statute of limitation, which is waived if not plead, and in that sense does not affect the jurisdiction of the court.
Speaking for myself I do not see how the amendment has in any way affected the question. The constitutional provision conferring the jurisdiction contains the clause “as may be provided by law,” and when the legislature, under that express power, fixes the limitation, it seems to me that it is the same as if the limitation was in the constitution itself, and that the jurisdiction granted and the condition imposed go together. The effect is the same as if the constitutional provision was that the court of appeals should have jurisdiction to affirm, reverse or modify the judgments of inferior courts of record in such cases as may be commenced in the court- of appeals within the period and in the manner fixed by the legislature; and the legislature having exercised the power conferred by the constitution and enacted Section 12270, General Code, then one of the conditions attached to the exercise of the jurisdiction conferred by the constitution, and the right to call it into exercise, is that the proceedings be instituted or commenced within seventy days. In that view of the matter, time is of the essence of the power and right, and lapse of time operates to extinguish both, rather than as a mere bar to a remedy.
The seventy-day limitation is not imposed wholly for the benefit of the defendant in error, but partly upon considerations of public policy, to expedite the business of courts, to discourage frivolous and vexatious litigation, and to prevent the evils incident to delay in finally fixing the rights of parties to litigation, and it might fairly be said that the sub *61 ject-matter of a suit in error in the court of appeals is a complaint of error, made within seventy days, and that when the seventy days have elapsed there is no subject-matter to which jurisdiction can attach. Therefore, if the proceeding is not commenced within the period of limitation, then the court has no jurisdiction, and jurisdiction cannot be conferred by mere entry of appearance after the limitation period, although now, as before, one may do that which estops him from denying the jurisdiction of the court. Now, as before the amendment of the constitution, if one, after the limitation period, without objection, submits his case or otherwise conducts himself so as to trifle with the court, or if he misleads the other party into not making service, and after the period of limitation does that.which if done before the period would amount to an appearance, he will be estopped from objecting to the jurisdiction of the court, but where there has been no trifling with the court, and no misleading of the other party before or after the limitation period, the mere filing of an answering brief after the expiration of the limitation period will not estop the party filing such brief from objecting to the jurisdiction of the court if he does so before anything further is done in the case.
Moreover, there is this further consideration which seems to support the conclusion reached in this case. Section 12270 was in force at the time the constitution was amended in 1912, and it has not since then been amended, except to shorten the period of limitations. It was in force then with a settled and well established construction, making it not an ordinary limitation statute that could be waived but a condition attached to the exercise of jurisdic *62 tion. That being the situation, the constitutional amendment, in: the schedule adopted as a part of the constitution, expressly provided that “ All laws then in force, not inconsistent therewith -shall continue in force until amended or repealed.” It would therefore seem to follow that by adopting the constitution, including the schedule, the intention was not only that Section 12270 should remain in force, but. that the settled construction given to it should continue.
The motion of defendants is granted, and the proceedings are dismissed for want of jurisdiction to hear the same.

Motion to dismiss allowed, and petition in error ■dismissed.

Treash and Pardee, JJ., concur in judgment.